IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE WALLACE PEEPLES, III, | : | CIVIL ACTION NO. **1:CV-10-0457** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

On March 2, 2010, Plaintiff, Joe Wallace Peeples, III, an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), filed this *Bivens*[1] civil rights action with this Court, pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 6).

Plaintiff's claims are set forth on a 4-page handwritten Complaint.[2] *See* Doc. 1.[3] Plaintiff

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

This is a *Bivens* action since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

[2] We have labeled Plaintiff's four handwritten pages of his Complaint as Doc. 1, pages 1-4.

[3] In his Complaint, the Plaintiff indicates that he utilized the grievance procedure available at USP-Allenwood with respect to one of his claims, namely his claim that Defendant Gallick used excessive force on him. (Doc. 1, p. 2). However, Plaintiff does not state if he exhausted all of his administrative remedies made available by the BOP with respect to any of

names four (4) Defendants in his Complaint. Specifically, Defendants are: the Federal Bureau of Prisons ("BOP"); Warden Martinez; Counselor Matlack; and Counselor Gallick. All of the individual Defendants are employed at USP-Allenwood, and all are prison officials with the BOP. (Doc. 1, pp. 1-2).

## II. Allegations of Complaint.

In his civil rights pleading under *Bivens*[4], Plaintiff basically alleges that on August 3, 2009, he told Defendant Warden Martinez about problems he was having with his unit team counselors, Defendants Matlack and Gallick. Plaintiff avers that he complained to the Warden that "he had been the victim of a racist comment and verbal assault by [Defendants Matlack and Gallick]." (*Id.*, p. 2). Plaintiff states that Defendant Warden Martinez told him to give him a cop-out about the incident and that, after he submitted the cop-out, he did not receive a response to it. (*Id.*).

Plaintiff avers that on October 6, 2009, he had a meeting with Defendants Matlack and Gallick, and that "he was verbally assulted (sic) by both men and [they] told [him] that he would be

---

his claims. Thus, Plaintiff does not indicate if he has exhausted all of his constitutional claims he raises in this case. Plaintiff must exhaust his administrative remedies with respect to all of his claims prior to filing a civil rights suit, however, Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

[4]The Third Circuit in *Banks v. Roberts*, 2007 WL 3096585, * 1, n. 1, 251 Fed. Appx. 774 (3d Cir. 10-19-07) (Non-Precedential), noted that, "[a] '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . ." *See also Naranjo v. Martinez*, 2009 WL 4268598, *1, n.1 (M.D. Pa.)(*Bivens* is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights.") (citation omitted).

released at [his] maximum [prison] term because he was a 'rapist.'"[5]   Plaintiff also alleges that "on the way out of the office he was kicked hard by Defendant Gallick."  (*Id*.).  Plaintiff states that he reported the alleged assault incident to Defendant Warden Martinez and that the Warden directed him to Assistant Warden Marquez, "who blew me off."  (*Id*.).

Plaintiff avers that after the alleged assault, he wrote several grievances and tried "to reach out to higher authorities in Washington D.C.  I know for a fact my mail is being stolen because accusations of assult (sic) and mail fraud is something that should never go unnoticed."  (*Id*.).

Finally, Plaintiff avers that "medical has also ignored [his] request to treat [his] right leg where he was kicked."  (*Id*.).  Plaintiff does not state that Defendants Martinez, Gallick and Matlack were personally involved with his Eighth Amendment denial of medical care claim regarding his alleged

---

[5]The Court in *Burkey v. Lappin*, 2007 WL 4480188, *4 (W. D. Pa.), stated:

> 28 C.F.R. § 550.58 also categorically denies [18 U.S.C.] Section 3621(e)(2) (B)'s early release to the following groups of inmates, even if an inmate otherwise meets eligibility criteria: (i) INS detainees; (ii) pretrial inmates; (iii) contractual boarders (for example, D.C., State, or military inmates); (iv) **inmates who have a prior felony or misdemeanor conviction** for homicide, **forcible rape**, robbery, or aggravated assault, or child sexual abuse offenses; (v) inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion; and (vi) inmates whose current offense is a certain type of felony. *Id.* § 550.58(a)(1)(i)-(vi)(A-D)).

(Emphasis added).

We note that, to the extent Plaintiff may be challenging the execution of his federal sentence by BOP officials and their determination that he is not entitled to early release due to his  conviction for rape, he must file a habeas petition under 28 U.S.C. §2241.  *Id*. at *7.

right leg injury.

As relief, Plaintiff requests both compensatory and punitive damages against all Defendants. Plaintiff does not state if he sues Defendants Martinez, Gallick and Matlack in their individual and/or official capacities.[6]  Plaintiff also requests the Court to "move [him] to a federal detention facility" so that he will "be free of retaliation by those name[d] in this law suit." (*Id.*, p. 3).

On March 16, 2010, Plaintiff filed a 2-page handwritten document entitled "Supporting Brief." (Doc. 9).  Plaintiff states that on March 3, 2010, he was removed from the Special Housing Unit at USP-Allenwood and put back into the housing unit where Defendants Gallick and Matlack work.  Plaintiff states that despite his complaints to supervisory staff at USP-Allenwood about the conduct of Defendants Gallick and Matlack (which conduct is the basis of his present action), and despite his "pleas to staff not to have further contact with these staff members, [BOP officials] chooses (sic) to compound the problem by returning [him] to a unit under the control of counselor[s] Matlack and Gallick."  (*Id.*, p. 2).  Plaintiff requests that he be moved out of the unit

---

[6]Plaintiff cannot sue the BOP Defendants for monetary damages in their official capacities.   As the Court in *Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998), stated:
> To the extent that the proposed claims seek monetary damages against the United States or individual defendants in their official capacities, the claims are barred by the doctrine of sovereign immunity. *Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). Plaintiff does not allege that the United States has waived its immunity in this case. Furthermore, the Supreme Court has held that a *Bivens* action may not be brought against a federal agency. *Id.* 510 U.S. at 484-86, 114 S. Ct. at 1005-06.

*See also Douglas v. BOP,* Civil NO. 08-0140 (M.D. Pa.).

where Defendants Matlack and Gallick work "for his safety and mental well being." (*Id.*).

It is well settled that Plaintiff has no constitutional right to be confined in any particular prison, facility or rehabilitative program. *See Podhorn v. Grondolsky*, 2009 WL 3471299, *2 (3d Cir.) (Per Curiam) citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Kimball v. Walters*, 2007 WL 87897. (M.D. Pa.)(inmate had no constitutional right to be transferred to any particular cell or to any particular prison). Also, the Court will not generally interfere with the BOP's determination as to where to confine an inmate. *See Fraise v. Terhune*, 283 F. 3d 506 (3d Cir. 2002); *Levi v. Ebbert*, 2009 WL 2169171, *6 (M.D. Pa.).

We now screen Plaintiff's pleading as we are obliged to do.

## III. PLRA.

As stated, Plaintiff Peeples has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 6). The Prison Litigation Reform Act of 1995,[7] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[8] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of

---

[7] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[8] The Plaintiff filed an application to proceed *in forma pauperis* with this Court and an authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 6, 7 and 8).

poverty is untrue; or (B) the action or appeal
(i) is frivolous or malicious; (ii) fails to
state a claim on which relief may be granted;
or (iii) seeks monetary relief against a
defendant who is immune from such relief.

The Court uses the same standard to screen a complaint under the PLRA as it does for a

12(b)(6) motion to dismiss.  *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.).

## V.  Motion to Dismiss Standard.

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the

Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937

(2009), as follows:

The issue is not whether the plaintiff will prevail at the end but only whether he
should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v.
Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule
12(b)(6) if it does not allege "enough facts to state a claim to relief that is
plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127
S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard
set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See
also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----,
2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis
beyond the context of the Sherman Act). The court must accept as true all
allegations of the complaint and all reasonable factual inferences must be viewed
in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities,
Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept
inferences drawn by plaintiff if they are unsupported by the facts as set forth in
the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394
F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d
902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as
factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S.
265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be
enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S.
at 556. Although the United States Supreme Court does "not require heightened
fact pleading of specifics, [the Court does require] enough facts to state a claim

to relief that is plausible on its face." *Id.* at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

## VI. Discussion.

In *Naranjo v. Martinez*, 2009 WL 4268598, *6, the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d

7

868 (2009) (collecting cases).

Further, a *Bivens* action is analogous to a civil rights action under 42 U.S.C. §1983. *Id*.; *Reynolds v. BOP*, 2010 WL 744127, *3 (E.D. Pa.).

We construe Plaintiff as raising an Eighth Amendment excessive force claim against Defendant Gallick, as well as claims of verbal abuse against Defendants Gallick and Matlack. Plaintiff also seems to allege an Eighth Amendment failure to protect claim against Defendant Warden Martinez regarding the continual verbal abuse he suffered by Defendants Gallick and Matlack.[9] Plaintiff also alleges that unnamed medical staff of USP-Allenwood, in violation of the Eighth Amendment, ignored his request for medical care for his right leg after he claims he was kicked by Defendant Gallick. Further, Plaintiff seems to raise a First Amendment interference with his legal mail claim against unnamed prison staff. Since Plaintiff does not state the personal involvement of Defendants Martinez, Gallick and Matlack with respect to his Eighth Amendment denial of medical care claim and his First Amendment interference with legal mail claim, we do not address these two claims herein.

---

[9]As noted, Plaintiff does not state that he has fully exhausted his available BOP administrative remedies with respect to any of his claims. Also, as noted, Plaintiff is required to exhaust all of his administrative remedies available through the BOP grievance procedure with respect to each of his claims prior to filing an action in federal court. *See Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.); *Naranjo v. Martinez*, 2009 WL 4268598. However, as noted above, exhaustion is an affirmative defense for Defendants to raise. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dortch*, 2009 WL 159196, *4 ; *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

Initially, we find that Defendant BOP should be dismissed from this *Bivens* civil rights action.

As the Court stated in *Reynolds v. BOP*, 2010 WL 744127, *3:

> While a *Bivens* action may proceed against the ... individual defendants, the Supreme Court held that a *Bivens* action cannot be maintained against a federal agency. *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Thus, count one will be dismissed against the BOP and Office of Inspector General on sovereign immunity grounds. It is well settled that the United States Government and its agencies are immune from suit absent a waiver. *Id.* at 475; *Zynger v. Dep't of Homeland Security,* 615 F.Supp.2d 50, 56 (E.D.N.Y.2009). No waiver has occurred here.

Therefore, we will recommend that Defendant BOP be dismissed with prejudice from this *Bivens* action.

We also find that the personal involvement of Defendant Warden Martinez is not sufficiently stated with respect to any alleged violation of Plaintiff's constitutional rights.

In *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W.D. Pa.), the Court stated:

> Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id. See also Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Moreover, in order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinate's violations. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Based on the stated allegations in Plaintiff's Complaint, Defendant Warden Martinez is not sufficiently stated to have been personally involved with any of Plaintiff's constitutional claims.

Defendant Warden Martinez is not alleged to have been personally involved in the verbal assaults on Plaintiff, in the excessive force used on Plaintiff, in the failure to provide Plaintiff with medical care for his leg injury, and in the interference with Plaintiff's legal mail. Rather, Plaintiff alleges that he complained to Defendant Warden Martinez about the verbal assault incidents involving Defendants Gallick and Matlack, that he was told to submit a cop-out, and that he never received a response to his cop-out. Plaintiff also alleges that he complained to Defendant Warden Martinez about the assault incident with Defendant Gallick and that Martinez directed him to the Assistant Warden, who then ignored Plaintiff. (Doc. 1, p. 2).

Recently, the Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal,* stated:

> "To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to 'state a claim to relief that is plausible on
> its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009)
> [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S.
> 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting
> to establish liability based on supervisory liability. *See Rode v. Dellarciprete,*
> 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely
> on the operation of respondeat superior, as a defendant must have
> personal involvement in a civil rights action). Innis does not allege that
> Wilson had personal knowledge of his injury and subsequently acted with
> deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these
> claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D.Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true
> all of the factual allegations contained in a complaint, that requirement
> does not apply to legal conclusions; therefore, pleadings must include

factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

In *Neuburger v. Thompson*, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004), the Court stated:

> Third Circuit case law recognizes that "(a) defendant in a civil rights action must have personal involvement in the alleged wrongs" in order to be liable. *Sutton v. Rasheed,* 323 F.3d 236, 249 (3d Cir.2003) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). Consequently, a supervisor may be liable under 42 U.S.C. § 1983 for his or her subordinate's unlawful conduct if he or she directed, encouraged, tolerated, or acquiesced in that conduct. *See Blanche Road Corp. v. Bensalem Twp.,* 57 F.3d 253, 263 (3d Cir.1995); *Baker v. Monroe Twp.,* 50 F.3d 1186, 1190-91 (3d Cir.1995). However, the mere assertion "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did" is insufficient to establish liability. *Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir.1989). Likewise, a supervisor's mere failure to train, supervise or discipline subordinate officers does not state a basis for a § 1983 claim against the supervisor absent proof of direct participation by the superior in some unlawful conduct. *Mobley v. City of Atlantic City Police Dept.,* No. Civ. A. 97-2086JBS, 2000 WL 363692 at *3 (D.N.J. March 30, 2000) (citing *Brown v. Grabowski,* 922 F.2d 1097, 1119-20 (3d Cir.1990)).

As stated, a *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply.  *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992).  In order to state an

actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992); *Sharpe,* 2007 WL 1098964, *3.

As discussed, we find that Plaintiff's Complaint lacks sufficient allegations as to Defendant Warden Martinez and what this supervisory Defendant personally did to violate Plaintiff's constitutional rights. Thus, we will recommend that Defendant Warden Martinez be dismissed without prejudice from this action.

We find that Plaintiff sufficiently states an Eighth Amendment excessive force claim against Defendant Gallick regarding the October 6, 2009 incident after his meeting with his two unit team counselors (Gallick and Matlack). We do not find that Plaintiff has stated an Eighth Amendment failure to protect claim against Defendants Martinez and Matlack regarding the October 6, 2009 incident since Plaintiff does not allege that they, at any time, had the opportunity to intervene to prevent the alleged kick by Defendant Gallick. Plaintiff only states that after his meeting with Defendants Gallick and Matlack in which they told him he would not be released until his maximum term due to his rape conviction, Gallick kick him on the way out of the office. (Doc. 1, p. 2). Neither Defendant Martinez's nor Defendant Matlack's personal involvement in the October 6, 2009 incident is alleged either as participants in the averred assault or as failing to take any action to protect Plaintiff from the assault. Plaintiff does not even aver that Defendants Martinez and Matlack saw the alleged assault on him by Defendant Gallick. Thus, Plaintiff has not plead any facts that Defendants Martinez and Matlack witnessed the alleged assault on him by Defendant

Gallick, and he has not alleged that they could have intervened to prevent the assault.

Thus, Defendants Martinez and Matlack are not stated to have personally failed to intervene to stop the alleged assault on Plaintiff by Defendant Gallick. Plaintiff does not allege that Defendants Martinez and Matlack knew or had reason to know that Gallick was going to commit the alleged unprovoked assault on him on October 6, 2009, and he does not state that Martinez and Matlack were in a position to intervene to stop the alleged assault and to protect him. Thus, Plaintiff's own pleading does not state that Defendants Martinez and Matlack had a reasonable and realistic opportunity to intervene to stop the alleged assault. *See Ali v. McAnany*, 262 Fed. Appx. 443, 446 (3d Cir. 2008)(duty of an officer to intervene "only arises where an officer is presented with a 'reasonable and realistic opportunity to intervene.'")(citing *Smith v. Mensinger*, 293 F. 3d 641, 650 (3d Cir. 2002).

As mentioned, we find that Plaintiff sufficiently states an Eighth Amendment excessive force claim against Defendant Gallick regarding the October 6, 2009 incident. As the Court stated in *Freeman v. Bronkoski*, 2008 WL 4414725, *4 (M.D. Pa.):

> The Third Circuit Court of Appeals has noted that "[a]fter conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000). In considering such a claim, the fact-finder must determine " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause. harm." " *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). When " 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain," summary judgment is inappropriate for the defendant. *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). Five factors apply in determining whether a correctional officer used excessive force: "(1) 'the need for the application of force;" (2) 'the relationship between the

13

need and the amount of force that was used'; (3) 'the extent of the injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of the response.'"
*Id.* (quoting *Whitley*, 475 U.S. at 321).

*See also Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004) (Court stated the factors in establishing an Eighth Amendment excessive force claim against prison staff).

The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:

> "The core inquiry in claims of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." (Citing *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)).

The *Wesley* Court also stated:

> While the Eighth Amendment's proscription against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force if the use of force is not of a sort "repugnant to the conscience of mankind," to state a claim, the plaintiff need only allege that force was maliciously applied to cause harm." *Id.* (Citation omitted).

*Wesley*, 2004 WL 1465650 *6.  See also *Eppers v. Dragovich*, 1996 WL 420830 (E.D.Pa.).

Based on the above, we find that Plaintiff has stated a cognizable Eighth Amendment excessive force claim against Defendant Gallick regarding the October 6, 2009 incident.  Using the factors set out by the *Bright* Court, based on the allegations in Plaintiff's Complaint, there was no need for the use of force by Defendant Gallick against Plaintiff on October 6, 2009, while he was leaving the office after the meeting.  There appears to have been no threat to the safety of either the other inmates or the prison staff which could reasonably be perceived by Defendant Gallick.

It is clear, taking the allegations in the Plaintiff's Complaint as true, as we must at this juncture, that Plaintiff has sufficiently averred the intent of Defendant Gallick was malicious and not

14

done in a good-faith effort to maintain or restore discipline in the prison. Further, Plaintiff states that after the alleged assault by Defendant Gallick he sustained an injury to his right leg for which he sought medical care. Thus, Plaintiff seems to state that Gallick caused him injuries. However, it is not clear if Plaintiff states that Gallick used more than *de minimis* physical force against him. Regardless, we find Plaintiff's allegations against Defendant Gallick to be sufficient for present screening purposes since he seems to indicate that the October 6, 2009 attack was performed in a deliberate attempt to inflict pain on him.

Therefore, we will recommend that Plaintiff's Eighth Amendment excessive force claim against Defendant Gallick proceed and that Plaintiff's Eighth Amendment failure to protect claim against Defendants Matlack and Martinez be dismissed.

As stated above, Plaintiff's "allegations must be sufficient to make the claim for relief more than just speculative." *Banegas v. Hampton*, 200 WL 1098845, *3 (E.D. Pa.), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The claim must contain enough factual matters to suggest the required elements of the claim or to 'raise a reasonable expectation that discovery will reveal evidence of' those elements." *Id.*, *3. (Citations omitted).

Plaintiff also seems to claim that Defendant Martinez failed to protect him based on his supervisory position with USP-Allenwood.

In *Banegas v. Hampton*, 2009 WL 1098845, *6-*7 (E.D. Pa.), the Court stated:

> Generally, the government has no duty to protect its citizens from the acts of private individuals. *See DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The Court did not go so far as to foreclose any possibility of government liability. *Id.* at 198 ("[I]n

15

certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals."). An exception to this rule is the "state-created danger" exception, which was adopted by the Third Circuit *in Kniepp v. Tedder,* 95 F.3d 1199 (3d Cir.1999).

The exception is comprised of the following elements:

(1) The harm ultimately caused was foreseeable and fairly direct;

(2) A state actor acted with a degree of culpability that shocks the conscience;

(3) A relationship existed between the state and the plaintiff such that the plaintiff was a foreseeable victim of the defendant's acts; and

(4) The state actor affirmatively used his or her authority in a way that created a danger to the plaintiff or that rendered that citizen more vulnerable to danger than had the state not acted at all.

*Bright v. Westmoreland County,* 443 F.3d 276, 281 (3d Cir.2006). The plaintiff must prove that the state acted with deliberate indifference. *See Gonzalez v. Angelilli,* 40 F. Supp.2d 615, 619 (E.D. Pa.1999).

As mentioned, Plaintiff avers that Defendant Martinez told him to submit a cop-out about the alleged verbal harassment by Defendants Gallick and Matlack, and to report the alleged assault by Gallick to the Assistant Warden. Plaintiff then avers that he did not get a response to his "cop-out" from the Assistant Warden. Plaintiff also avers that the Assistant Warden did not respond to his complaint about Gallick's alleged assault on him. We find that based on the allegations, Plaintiff fails to state that Defendant Martinez acted with deliberate indifference to his safety and that Martinez affirmatively used his authority in a manner which created a danger to Plaintiff. Plaintiff fails to sufficiently state how the conduct of Defendant Martinez exposed him to an increased risk of physical harm by prison staff.

Therefore, we will recommend that Defendant Martinez be dismissed without prejudice.

We do not find that Plaintiff has stated a claim for verbal harassment, including threats, as against Defendants Gallick and Matlack.

As the Court stated in *Aponte v. Karnes*, 2008 WL 360879, *3 (M.D. Pa.):

> It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Maclean v. Secor,* 876 F.Supp. 695, 698-99 (E.D.Pa.1995); *Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J.1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); *Jones v. Superintendent,* 370 F.Supp. 488, 491 (W.D.Va.1974).
>
> Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Fisher v. Woodson,* 373 F.Supp. 970, 973 (E.D.Va.1973): *see also Balliet v. Whitmire,* 626 F.Supp. 219, 228-29 (M.D.Pa.) ("[v]erbal abuse is not a civil rights violation ...."), *aff'd,* 800 F.2d 1130 (3d Cir.1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, *see Prisoners' Legal Ass'n,* 822 F.Supp. at 189, or under the Fifth Amendment's substantive due process clause, *see Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991), *cert. denied,* 502 U.S. 879, 112 S.Ct. 226, 116 L.Ed.2d 183 (1991).
> Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. *See Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino,* 684 F.Supp. 395 (D.N.J.1988) (prison employee threatened an inmate with a knife). It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. *Bieros v. Nicola,* 860 F.Supp. 226, 233 (E.D.Pa.1994): *see also Prisoners' Legal Ass'n,* 822 F.Supp. at 189; *Murray,* 809 F.Supp. at 384.

*See also Kimball v. Walters*, 2007 WL 87897, *7 (M.D. Pa.).

Based on our above discussion, we will recommend that Plaintiff's claim that Defendants Gallick and Matlack verbally harassed him be dismissed.

Finally, as noted, insofar as Plaintiff may be challenging the execution of his federal sentence regarding his allegation that Defendants Matlack and Gallick told him he would not be released from prison until his maximum term due to his rape conviction, and insofar as Plaintiff may be claiming he is entitled to early release, he must file a § 2241 habeas corpus petition. The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973); *Queen v. Miner*, C.A. No. 08-1049 (3d Cir. 2-29-08), slip op. p. 3, n. 3 (Per Curiam) ("challenge that affects fact or duration of confinement must be brought in habeas petition") (citing *Preiser, supra*.). Thus, any claim of Plaintiff that is challenging the fact or length of his confinement in state prison must be brought in a § 2241 habeas petition.[10]

Therefore, as stated, we will recommend that Plaintiff's Eighth Amendment excessive force claim against Defendant Gallick be allowed to proceed, and that his Eighth Amendment failure to

---

[10]The Third Circuit in *Leamer v. Fauver*, 288 F. 3d 532, 542 (3d Cir. 2002), stated: whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

protect claims against Defendants Martinez and Matlack be dismissed. Further, we will recommend that Plaintiff's claim for verbal harassment against Defendants Gallick and Matlack be dismissed. We will also recommend that Defendants Martinez and Matlack be dismissed without prejudice, and that Defendant BOP be dismissed with prejudice.

## VII. Recommendation.

Based on the foregoing, it is respectfully recommended that all of Plaintiff's claims against Defendants Martinez and Matlack be dismissed, and that these two Defendants be dismissed without prejudice from this case since there are no cognizable constitutional claims stated against them. Further, it is recommended that Plaintiff's claim for verbal harassment against Defendants Gallick and Matlack be dismissed. It is additionally recommended that Defendant BOP be dismissed with prejudice. Finally, it is recommended that only Plaintiff's Eighth Amendment excessive force claim against Defendant Gallick regarding the October 6, 2009 kicking incident be allowed to proceed, and that this case be recommitted to the undersigned for further proceedings against Defendant Gallick.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 30, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE WALLACE PEEPLES, III, | : | CIVIL ACTION NO. **1:CV-10-0457** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 30, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                      **s/ Thomas M. Blewitt**
_____  **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: March 30, 2010**