# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOE WALLACE PEEPLES, III,** : | CIVIL ACTION NO. 1:10-CV-00457 |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
| **FEDERAL BUREAU OF PRISONS,** : | |
| *et al.*, : | |
| **Defendants** : | |

## ORDER

AND NOW, this 28th day of June, 2010, upon consideration of the report of the Magistrate Judge (Doc. 11), to which objections were filed (Doc. 12), recommending that the claims of plaintiff Joe Wallace Peeples, III, ("Peeples"), be dismissed in part and remanded in part for further proceedings, and, following an independent review of the record, it appearing that Peeples alleges several injuries falling generally within the ambit of the Eighth Amendment,[1] and that Peeples has

---

[1] Construing his complaint liberally, Peeples alleges that he was verbally and physically abused by prison staff; that he was denied medical care; and that he has been put in a position in which either physical abuse or emotional stress is likely to reoccur. Peeples further alleges that prison administrators could have protected him from some or all of these injuries if they had heeded his complaints, and he demands injunctive relief to ensure protection from further abuse.

Peeples specifically names the prison staff who abused him in the past and will harass him in the future if he remains in his current unit. Peeples also names the administrator who has repeatedly ignored his requests for protection. It is not clear from Peeples' papers filed to date who precisely ignored his request for medical care. It might fairly be inferred that Peeples accuses any or all of the named defendants, as well as Assistant Warden Marquez and Unit Officer Austin, of ignoring his request for medical attention.

adequately stated claims[2] against defendants Gallick[3] and Matlack,[4] in their

---

[2] Peeples filed this action *pro se* and requested leave to proceed *in forma pauperis*, which was granted. As the Magistrate Judge accurately notes, the court has an obligation under § 1915(e)(2) to dismiss prisoner complaints filed *in forma pauperis* which obviously lack merit. However, the court is also required to liberally construe a *pro se* complaint. Erickson v. Pardus, 551 U.S. 89, 93-4 (2007). The District Court must avoid dismissing a *pro se* claim for lack of specificity and failure to fill out every element of a claim where the plaintiff might be able to cure the defects by amending the complaint. See generally Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). But when the plaintiff's complaint contains allegations showing his claim to be frivolous, founded upon unreasonable inferences, or otherwise incurable of its defects, the court may enter an order or dismissal. Id. at 454 n.1, 456-7.

[3] The court agrees with the Magistrate Judge as to defendant Gallick: Peeples has adequately stated a claim for excessive force, in violation of the Eighth Amendment. See Doc. 11 at 13-15. At this procedural juncture, the court is compelled to conclude that a single kick could form the basis of an excessive force claim. See Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-80 (2010). As the Magistrate Judge notes, Peeples alleges that he sustained some injury requiring medical attention from the kick. Even if only *de minimis* force was used on Peeples, the level of force and the extent of resulting bodily injuries are not dispositive of an Eighth Amendment injury. See id. at 1178-79. The inquiry must include consideration of the actor's state of mind: the gravamen of excessive force is that a nontrivial level of force was applied maliciously and sadistically to cause harm. Id. at 1179. On the other hand, a simple push or shove, although done maliciously, will generally be too ineffectual to cross the threshold of an Eighth Amendment injury. Id. at 1178.

[4] In construing the complaint, the Magistrate Judge treated defendants Gallick and Matlack separately, focusing on Gallick as the perpetrator of violence on Peeples and Matlack as a bystander who perhaps had a limited duty to intervene. The court finds it premature to dissect Peeples' allegations in this manner. A more liberal reading of the complaint is that defendants Matlack and Gallick acted in concert, given that Peeples alleges both defendants verbally abused him during the two episodes. Moreover, Peeples objects to the notion that Matlack was a bystander and attributes to this defendant the same state of mind as Gallick.

Peeples has characterized the non-physical component of his claim as a verbal assault, racial slurs, and threats. The Magistrate Judge is entirely correct that verbal abuse, by itself, cannot sustain an Eighth Amendment claim. See Richardson v. Sherrer, 344 Fed. Appx. 755, 757 (3d Cir. 2009); Lindsey v. O'Connor, 327 Fed. Appx. 319, 320-1 (3d Cir. 2009); Booth v. King, 228 Fed. Appx. 167, 172 (3d Cir. 2007); Robinson v. Taylor, 204 Fed. Appx. 155, 156 (3d Cir. 2006); See also

individual capacities, and that Peeples may be able to cure defects in his claim for denial of medical care,[5] but that defendant Federal Bureau of Prisons is immune from suit, see Doc. 11 at 9, and that Peeples releases defendant Martinez from this action (see Doc. 12 at 1), and the court concluding that none of Peeples' remaining

---

McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000); Ivey v. Wilson, 832 F.2d 950, 954-5 (6th Cir. 1987); 42 U.S.C. § 1997e(e). Nevertheless, the pleadings here reveal a combination of verbal and physical abuse. Under such circumstances, verbal abuse and humiliation are not irrelevant to the Eighth Amendment analysis. See Hope v. Pelzer, 536 U.S. 730, 738, 745-6 (2002). Therefore, the court must consider all of the circumstances of the alleged abuse, and the Magistrate Judge's analysis will undoubtedly benefit from a fully developed record in the context of Rule 56 motions.

[5] By alleging that he received a "hard" kick resulting in "great...physical harm," that he reported the incident to prison authorities, and that he requested medical attention, Peeples has adequately stated a claim for denial of medical care. As noted above, Peeples' denial of medical care claim is sustained by a somewhat attenuated inference that one of the named defendants or other staff mentioned in the complaint ignored his reasonable request for medical care.

Peeples appears to consider the Health Services Department of his current facility to be primarily responsible for the lack of medical attention. As the Magistrate Judge points out, Bivens actions cannot be sustained against the U.S. government, its agencies, or departments within agencies or offices. See Doc. 11 at 9. Unless Peeples can more specifically name the individuals within the Health Services Department who ignored his request, and describe what notice was given to those individuals, the claim against the Health Services Department as such must be dismissed. See Hamilton, 117 F.3d at 749; Small v. Lehman, 98 F.3d 762 (3d Cir. 1996).

The court expresses no opinion as to the merits of Peeples' claim of denial of medical care. The court pauses, however, to note the exacting standard a prisoner must meet to prove that a denial of medical care violates the Eighth Amendment: The prisoner must show that he had a serious medical need and that acts or omissions by prison officials reflect a deliberate indifference to that need. Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). A serious condition is one which, if untreated, can be expected to lead to substantial and unnecessary suffering, injury, handicap, or death. Colburn v. Upper Darby Tp., 946 F.2d 1017, 1023 (3d Cir. 1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In the absence of a diagnosis, the seriousness of the condition must be so obvious that even a lay person would easily recognize the necessity for medical attention. Colburn, 946 F.2d at 1023.

allegations state a claim,[6] and that Peeples has not demonstrated that he is entitled to a hearing, it is hereby ORDERED that:

1. The report of the Magistrate Judge (Doc. 11) is ADOPTED in part and REJECTED in part as follows:

    a. REJECTED insofar as it pertains to defendant Matlack, and

    b. ADOPTED in all other respects.

---

[6] Peeples also asks the court to exercise its equitable powers to order him (a) moved to a unit where he will not be harassed further by defendants Gallick and Matlack, and (b) transferred to a facility which will allow him to more easily reunite with family when he is released. To the extent that this prayer overlaps with Peeples' § 2241 petition pending with this court, the court defers to the Magistrate Judge to make an initial report and recommendation. However, the court notes briefly that (a) prisoners may seek injunctive relief to enjoin prison conditions which would constitute an ongoing violation of the Eighth Amendment, see, e.g., Farmer, 511 U.S. at 845-6, and (b) the court agrees with the Magistrate Judge that, in the absence of such an ongoing violation, plaintiff has no constitutionally protected interest in being housed in the unit or facility of his choice, see, e.g., Rivera v. Federal Bureau of Prisons, 197 Fed. Appx. 169, 170-1 (3d Cir. 2006).
 Plaintiff makes several other allegations, including tampering with his mail by unknown persons and falsifying information in his prison disciplinary file by the same prison staff who allegedly abused him in the past. For the time being, the court must ignore these charges: First, while plaintiff has constitutionally protected rights to access the courts and to communicate with counsel, he has not alleged that any individual is responsible for the loss of his legal mail. See Taylor v. Oney, 196 Fed. Appx. 126, 128 (3d Cir. 2006). Moreover, plaintiff has not alleged an injury resulting from the loss of his legal mail. Deliberate interference with legal mail is a *per se* violation of a prisoner's First Amendment rights. Jones v. Brown, 461 F.3d 353, 359-60 (3d Cir. 2006). However, a claim for denial of access to the courts under the First and Fourteenth Amendments requires the additional showing of injury in fact. Id.
 Second, plaintiff's allegation of tampering with his prison disciplinary file fails to state a civil rights claim. Plaintiff does not allege any particular false notations in his file nor any disciplinary actions taken as a result, which might implicate a denial of due process. See generally Sandin v. Conner, 515 U.S. 472 (1995). To the extent that plaintiff is alleging that he is being detained to the maximum length of his sentence because prison officials mistakenly believe he was convicted of rape, his pending § 2241 action is the appropriate vehicle to dispute the lawfulness of his detention and the denial of statutory early release.

2. All claims against defendant Federal Bureau of Prisons are DISMISSED with prejudice.

3. All claims against defendant Martinez are DISMISSED without prejudice.

4. The motion (Doc. 15) for a hearing is DENIED.

5. The above-captioned case is REMANDED to the Magistrate Judge for further proceedings.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge