IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE WALLACE PEEPLES, III, | : | CIVIL ACTION NO. **1:CV-10-0457** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| Counselor Matlack, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

## I. Background.

On March 2, 2010, Plaintiff, Joe Wallace Peeples, III, formerly an inmate at the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), filed this *Bivens*[1] civil rights action with this Court, pursuant to 28 U.S.C. § 1331. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 6).[2]

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).
Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
This is a *Bivens* action since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. See *Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

[2]On November 5, 2010, Plaintiff Peeples filed a Notification of his Address Change and he stated that he was being released from custody of the BOP on or about November 30, 2010. (Doc. 45). Plaintiff indicated that his mail should be sent to him c/o U.S. Probation Officer Wendy Beckner, U.S. Probation Office in Las Vegas Nevada.
The BOP Inmate Locator found at www.bop.gov indicates that Plaintiff Peeples was released from BOP custody on January 31, 2011. See attached Inmate Locator.

Plaintiff named four (4) Defendants in his Complaint. Specifically, Defendants were: the Federal Bureau of Prisons ("BOP"); Warden Martinez; Counselor Matlack; and Counselor Gallick. All of the individual Defendants are employed at USP-Allenwood, and all are prison officials with the BOP. (Doc. 1, pp. 1-2).

## II. Allegations of Complaint.

In his civil rights pleading under Bivens[3], Plaintiff basically alleged that on August 3, 2009, he told Defendant Warden Martinez about problems he was having with his Unit Team Counselors, Defendants Matlack and Gallick. Plaintiff averred that he complained to the Warden that "he had been the victim of a racist comment and verbal assault by [Defendants Matlack and Gallick]." (*Id.*, p. 2). Plaintiff stated that Defendant Warden Martinez told him to give him a cop-out about the incident and that, after he submitted the cop-out, he did not receive a response to it. (*Id.*).

Plaintiff averred that on October 6, 2009, he had a meeting with Defendants Matlack and Gallick, and that "he was verbally assulted (sic) by both men and [they] told [him] that he would be released at [his] maximum [prison] term because he was a 'rapist.'" Plaintiff also alleged that "on the way out of the office he was kicked hard by Defendant Gallick." (*Id.*). Plaintiff stated that he reported the alleged assault incident to Defendant Warden Martinez and that the Warden directed

---

[3]The Third Circuit in *Banks v. Roberts*, 2007 WL 3096585, * 1, n. 1, 251 Fed. Appx. 774 (3d Cir. 10-19-07) (Non-Precedential), noted that, "[a] '*Bivens* action' is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens* . . . ." *See also Naranjo v. Martinez*, 2009 WL 4268598, *1, n.1 (M.D. Pa.)(*Bivens* is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights.") (citation omitted).

2

him to Assistant Warden Marquez, "who blew me off." (*Id.*).

Plaintiff averred that after the alleged assault, he wrote several grievances and tried "to reach out to higher authorities in Washington D.C. I know for a fact my mail is being stolen because accusations of assult (sic) and mail fraud is something that should never go unnoticed." (*Id.*).

Finally, Plaintiff averred that "medical has also ignored [his] request to treat [his] right leg where he was kicked." (*Id.*). Plaintiff did not state that Defendants Martinez, Gallick and Matlack were personally involved with his Eighth Amendment denial of medical care claim regarding his alleged right leg injury.

As relief, Plaintiff requested both compensatory and punitive damages against all Defendants. Plaintiff did not state if he sued Defendants Martinez, Gallick and Matlack in their individual and/or official capacities.[4] Plaintiff also requests the Court to "move [him] to a federal detention facility" so that he will "be free of retaliation by those name[d] in this law suit." (*Id.*, p. 3).[5]

---

[4] As we previously noted, Plaintiff cannot sue the BOP Defendants for monetary damages in their official capacities. See *Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998); *Douglas v. BOP*, Civil NO. 08-0140 (M.D. Pa.). Thus, to the extent Defendants now argue (Doc. 51, pp. 14-15) that Plaintiff's claims against them in their official capacities should be dismissed, we agree and we so recommend.

[5] As we previously noted, Plaintiff did not state in his Complaint if he fully exhausted his available BOP administrative remedies with respect to any of his claims. Also, as we noted, Plaintiff is required to exhaust all of his administrative remedies available through the BOP grievance procedure with respect to each of his claims prior to filing an action in federal court. See *Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Dortch v. York County Prison*, 2009 WL 159196, *4 (M.D. Pa.); *Naranjo v. Martinez*, 2009 WL 4268598. However, as noted, exhaustion is an affirmative defense for Defendants to raise. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Dortch*, 2009 WL 159196, *4 ; *Spencer v. Zimmerman*, 2009 WL 2994227 (M.D. Pa.).

We screened Plaintiff's pleading as we were obliged to do under the Prison Litigation Reform Act of 1995[6] (the "PLRA"obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915).

On March 30, 2010, we issued an R&R and made the following recommendations:

> that all of Plaintiff's claims against Defendants Martinez and Matlack be dismissed, and that these two Defendants be dismissed without prejudice from this case since there are no cognizable constitutional claims stated against them. Further, it is recommended that Plaintiff's claim for verbal harassment against Defendants Gallick and Matlack be dismissed. It is additionally recommended that Defendant BOP be dismissed with prejudice. Finally, it is recommended that only Plaintiff's Eighth Amendment excessive force claim against Defendant Gallick regarding the October 6, 2009 kicking incident be allowed to proceed, and that this case be recommitted to the undersigned for further proceedings against Defendant Gallick.

(Doc. 11).

Plaintiff filed objections to our R&R. (Doc. 12).

On June 28, 2010, the Court issued the following Order:

1. The report of the Magistrate Judge (Doc. 11) is ADOPTED in part and REJECTED in part as follows:

    a. REJECTED insofar as it pertains to defendant Matlack, and

    b. ADOPTED in all other respects.

2. All claims against defendant Federal Bureau of Prisons are DISMISSED with prejudice.

3. All claims against defendant Martinez are DISMISSED without prejudice.

---

[6] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

4. The motion (Doc. 15) for hearing is DENIED.

5. The above-captioned case is REMANDED to the Magistrate Judge for further proceedings.

(Doc. 18, pp. 4-5).

Thus, the Court allowed Plaintiff's action to proceed with his Eighth Amendment excessive force claim against both Defendant Gallick and Defendant Matlack regarding the October 6, 2009 kicking incident. The Court noted that in liberally reading Plaintiff's Complaint, "Defendants Matlack and Gallick acted in concert." (*Id.*, p. 4, n. 4).

On June 29, 2010, we directed that the Summons be issued and that the two remaining Defendants be served with Plaintiff's Complaint. (Doc. 19). After Defendants were served, Plaintiff filed a Motion for Summary Judgment pursuant to Rule 56 on August 25, 2010 **(Doc. 34)** and a 14-paragraph support brief. (Doc. 35). Plaintiff failed to file his SMF as required by Local Rule 56.1, M.D. Pa. On September 30, 2010, the Court issued an Order and granted Defendants an extension of time to respond to Plaintiff's Complaint to October 28, 2010, and granted Defendants an extension of time to respond to Plaintiff's Summary Judgment Motion to November 12, 2010. (Doc. 42).

On October 28, 2010, Defendants Matlack and Gallick jointly filed a Motion to Dismiss and for Summary Judgment.[7] **(Doc. 44).** On November 12, 2010, Defendants jointly filed their support brief and their brief in opposition to Plaintiff's Summary Judgment Motion, with attached exhibits.

---

[7]As indicated above, Defendants' dispositive motion (Doc. 44) was timely filed. Thus, insofar as Plaintiff argues in his summary judgment support brief (Doc. 35) that Defendants failed to provide him with a timely response to his Complaint, he is incorrect, and his Motion should be denied regarding this claim.

(Doc. 51). Also on November 12, 2010, Defendants filed their SMF. (Doc. 52).

Plaintiff failed to timely file his opposition brief and his response to Defendants' Summary Judgment Motion and their SMF. Thus, on December 3, 2010, the Court issued an Order and directed that the Clerk of Court send Plaintiff another copy of the Standing Practice Order. The Court also directed Plaintiff to file his opposition brief to Defendants' Summary Judgment Motion and his response to Defendants' SMF by December 20, 2010. (Doc. 54). The Order further stated as follows:

> Failure to file a brief in opposition to Defendants' motion and a response to Defendants' Statement of Facts will result in the motion being deemed unopposed and will result in a recommendation that Defendants' Motion to Dismiss and for Summary Judgment be granted without a merits analysis.

(*Id.*).

To date, Plaintiff has not filed his opposition brief to Defendants' Summary Judgment Motion nor his response to Defendants' SMF as directed by the Court.

Both Plaintiff's and Defendants' Summary Judgment Motions are ripe for disposition. (Docs. 34 and 44). Since Defendants submitted exhibits and since Plaintiff was on notice that Defendants also moved for summary judgment, we treat Defendants' Motion as one for summary judgment.[8]

## II. Statement of Material Facts.

As their main argument in their Summary Judgment support Brief, Defendants assert that Plaintiff failed to exhaust his available BOP administrative remedies, prior to filing his Complaint, with respect to his stated Eighth Amendment excessive force claim. (Doc. 51, pp. 16-19).

---

[8]We have been assigned this case for pre-trial matters.

6

Defendants attached exhibits to their brief to support this contention. (Doc. 51, attached exhibits). Also, as stated, Defendants filed their SMF with citation to the evidence (Doc. 52), as required by Local Rule 56.1, M.D. Pa., which support their position that Plaintiff did not exhaust his available BOP administrative remedies. (Doc. 52, ¶'s 14.-26., and Doc. 51, Ex. 1). Plaintiff, as mentioned, failed to file his paragraph-by-paragraph response to Defendants' SMF as he was obliged to do and as he was aware he was required to file.[9] (See Doc. 54). Also, Plaintiff failed to file his own SMF in support of his Summary Judgment Motion as he was required to do.

In any event, none of Defendants' SMF which pertain to their failure to exhaust argument are denied by Plaintiff, and he did not submit any evidence to show that he did exhaust his remaining claim against Defendants. Thus, Plaintiff did not dispute Defendants' contention and evidence which shows that he failed to exhaust his present Eighth Amendment claim against them.

Since Defendants have properly filed their SMF in support of their Summary Judgment Motion (Doc. 52), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by evidence, and since Plaintiff failed to respond to Defendants' SMF and file his own SMF, we shall adopt as our own all of Defendants' facts contained in their SMF. Further, none of Defendants' facts are properly disputed by Plaintiff with citation to evidence. As stated, Plaintiff did not file his opposition brief to Defendants' Summary Judgment Motion, nor did he submit any

---

[9]The docket reveals that Plaintiff was provided a copy of the pertinent Local Rules of this Court on two occasions. (Docs. 4 &54).

evidence. (See Doc. 54).[10] Thus, we find that Plaintiff has not properly responded to Defendants' SMF as required by Local Rule 56.1, M.D. Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers*, 2008 WL 3540526 (M.D. Pa.); *Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Regardless of Plaintiff Peeples' failure to properly deny Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their evidence and since Plaintiff has not offered any evidence to controvert them.

Defendants argue that Plaintiff did not fully and properly exhaust his available BOP administrative remedies with respect to his Eighth Amendment excessive force claim against them. We agree with Defendants. Specifically, we find that the undisputed evidence shows that Plaintiff did not file and exhaust an administrative remedy regarding his Eighth Amendment excessive force claim against Defendants. (Doc. 51, Ex. 1, ¶'s 10.-18.).[11]

---

[10]Plaintiff's 14 contentions stated in his brief in support of his Summary Judgment Motion do not address the exhaustion issue. (Doc. 35). Plaintiff largely contended that Defendants failed to timely respond to his Complaint and that "this Court is ingaged (sic) in a 'plot' of misdirection and misinformation designed to confuse, lead astray, and intimidate [Plaintiff ] from obtaining justice." (Id., p. 5, ¶ 14.). Plaintiff offered no evidence to support his alleged "plot" by this Court. Also, as noted above, Defendants clearly responded to Plaintiff's Complaint in a timely manner.

[11]In *Banks v. Lappin*, 2009 WL 2486341, *3 (M.D. Pa.), the Court stated:

Prisoners must comply with the PLRA exhaustion requirement as to any claim that

8

Since Defendants' SMF are supported by evidence, since Plaintiff has not properly responded to them, and since Plaintiff has not submitted any evidence to dispute them, as stated, we shall accept all of Defendants' SMF as undisputed. We shall incorporate them herein by reference and shall not fully repeat them herein. (Doc. 52). See *U.S. ex rel. Paranich v. Sorngard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with sufficient citation to the record); *Accolla, supra*.[12]

In the case of *Barthalow v. David H. Martin Excavating, Inc.*, 2007 WL 2207897, * 1, n. 5, (M.D. Pa. 2007), this Court noted:

> The Middle District of Pennsylvania's Local Rule of Court 56.1 provides that a summary judgment motion must include a separate concise statement of material facts. M.D. Pa. Local R. 56.1. The rule also requires that an opposition to a summary judgment motion must

---

> arises in the prison setting, regardless of the nature of the claim or the relief sought. See *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Furthermore, **courts are not permitted to "excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."** *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998)); see also *Woodford v. Ngo*, 548 U.S. 81, 92-94, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that the PLRA mandates that inmates "properly" exhaust their claims before filing suit in federal court).

See also *Accolla, supra*.

The law is clear that Plaintiff was required to exhaust his administrative remedies before he filed his instant action. See *Walker v. Health Services, Lewisburg Penitentiary*, 2007 WL 1395361, * 3 (M.D. Pa.).

[12]See also *Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

> similarly include a statement that "responds to the numbered paragraphs set forth in [the moving party's concise statement of material facts], as to which it is contended that there exists a genuine issue to be tried." *Id.* Moreover, "[a]ll material facts set forth in [the moving party's statement] will be deemed to be admitted unless controverted by the [opposing party's statement]. " *Id.*

See also *Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D. Pa. 2006) ("it appearing that defendants' statement of material facts was properly deemed admitted by plaintiff see L.R. 56.1 providing that the moving party's statement of material facts will be deemed admitted unless the non-moving party specifically contradicts the statement").

We find that Defendants' undisputed evidence concerning the exhaustion issue, namely, the Declaration of K. Michael Sullivan, a Senior Officer at USP-Allenwood, shows as follows:

> 8. In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained so that rapid verification may be made as to whether an inmate has exhausted available administrative remedies on a particular issue.
>
> 9. If a remedy is rejected, it is **returned** to the inmate and the inmate is provided with a written notice explaining the reason for rejection. Id. at § 541.17(b). A copy of the remedy is not maintained by the Bureau of Prisons.
>
> 10. On October 15, 2010, a search of the records was conducted to determine whether or not the Plaintiff had exhausted available administrative remedies regarding the issues he raises in his complaint (verbal assault and getting kicked hard). This review revealed that the Plaintiff has filed sixteen (16) administrative remedies since he has been incarcerated.
>
> 11. Attached to this declaration as Attachment #2 [Doc. 51, Ex. A, Att. 2] (eleven pages) is a copy of the BOP's SENTRY computer print-out of the Plaintiff's administrative remedy filings. This print-out provides details concerning each remedy filed, including the administrative remedy number, the ate the remedy was received, an abstract of the issue(s) raised, the event facility, the date it was responded to, and the current status of the remedy. It also lists the codes used to indicate the reason why a particular remedy has been rejected.

12. Twelve of the sixteen administrative remedies filed by the Plaintiff were filed prior to the date of the incidents alleged in the complaint (August 2009); therefore, they are not relevant to this action.[13]

13. Regarding the remaining four administrative remedies, on November 6, 2009, the Plaintiff filed administrative remedy number 563819-F1 at the institution level. No subject matter was listed for this remedy. This remedy was rejected on that same date since the Plaintiff failed to attempt informal resolution prior to submitting his administrative remedy. Since the administrative remedy was rejected, a copy was not maintained by the Bureau of Prisons.

14. On November 16, 2009, the Plaintiff filed administrative remedy number 565326-R1 at the regional office level in which he complained that he feared for his life. On November 18, 2009, this remedy was rejected by the regional office since the Plaintiff failed to file this issue at the institution level first and receive a response from the warden. Since the administrative remedy was rejected, a copy was not maintained by the Bureau of Prisons.

15. On February 12, 2010, the Plaintiff filed administrative remedy number 577867-R1 at the regional office level in which he complained of a disciplinary issue. This remedy does not pertain to the allegations in the above-captioned action. The remedy was denied on March 12, 2010.

16. ON March 2, 2010, the Plaintiff filed the above-captioned action.

17. On September 7, 2010, <u>after</u> the Plaintiff field the above-captioned action, the Plaintiff filed administrative remedy number 606151-R1 at the regional office level. On September 8, 2010, the remedy was rejected since the Plaintiff failed to file this issue at the institution level first and receive a response from the warden. Since the administrative remedy was rejected, a copy was not maintained by the Bureau of Prisons.

18. There is no record of any other administrative remedy filings by the Plaintiff regarding the issues he raises in the above-captioned action.

(Doc. 51, Ex. 1, ¶'s 8.-18.).

---

[13] The alleged kicking incident in this case occurred on October 6, 2009.

## III. Summary Judgment Standard.

In *Allen v. Fletcher*, 2009 WL 1542767, *2 (M.D. Pa.), the Court outlined the applicable standard to apply when considering a summary judgment motion as follows:

> Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Id*. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.
>
> Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. See Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed.1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
>
> All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir.1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

"Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir.2004).

## IV. Discussion.

In *Naranjo v. Martinez*, 2009 WL 4268598, *6, the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under *Bivens* is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.
>
> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."

13

*Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

Further, a *Bivens* action is analogous to a civil rights action under 42 U.S.C. §1983. *Id.*; *Reynolds v. BOP*, 2010 WL 744127, *3 (E.D. Pa.).

Plaintiff is raising an Eighth Amendment excessive force claim against Defendants Gallick and Matlack. As noted above, we agree with Defendants (Doc. 51, pp. 14-15) that Plaintiff's claims against them in their official capacities should be dismissed. *See Smith v. U.S.*, 2007 WL 7313360, *6, n. 13 (M.D. Pa.)(citation omitted).

Defendants next argue that they are entitled to summary judgment as a matter of law because the Plaintiff failed to exhaust available administrative remedies as required. Defendants assert this argument with respect to Plaintiff's remaining excessive force claim. As discussed, Plaintiff has failed to oppose Defendants' Motion for Summary Judgment. Because exhaustion of Plaintiff's Eighth Amendment claims against Defendants is a threshold issue, we are compelled to discuss this argument first. *See Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 2007)(Non-Precedential); *Hemingway v. Ellers*, 2008 WL 3540526, *8. As discussed below, we will recommend that Defendants be granted summary judgment and that Plaintiff's Summary Judgment Motion be denied because the undisputed evidence shows that Plaintiff failed to exhaust his available administrative remedies regarding his Eighth Amendment claim as required under the PLRA.

The PLRA provides that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C.

14

§ 1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id*.

The Third Circuit Court of Appeals, has held that the defendant has the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a civil rights action. *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002); *Hemingway v. Ellers*, 2008 WL 3540526, *9. The Third Circuit has repeatedly stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies prior to filing suit in federal court." *Banks v. Roberts*, 2007 WL 3096585, * 1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted); *Accolla, supra*. The *Banks* Court also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Id*.

In *Cooper v. Sniezek*, 2010 WL 3528848, *7-*8 (M.D. Pa. 9-7-10), the Court stated as follows:

> An inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*. An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id*. at § 542.14(a). The inmate has twenty (20) days following the date on which the basis for the complaint occurred in which to complete informal resolution and submit a formal written administrative remedy request. *Id*. The procedure further provides that an extension may be allowed where an inmate demonstrates a valid reasons for delay. *Id*. at § 542.14(b). The regulation states, in part:

15

> Valid reasons for delay include the following: an extended period
> in-transit during which the inmate was separated from documents
> needed to prepare the Request of Appeal; an extended period of time
> during which the inmate was physically incapable of preparing a
> Request of Appeal; an unusually long period taken for informal
> resolution attempts; indication by an inmate, verified by staff, that
> a response to the inmate's request for copies of dispositions requested
> under § 542.19 of this part was delayed.

*Id.* If dissatisfied with the response to the formal written request, the inmate may then appeal an adverse decision to the Regional Office and the Central Office of BOP's General Counsel. *Id.* at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office. *Id.* at § 542.15(a).

(*See also* Doc. 51, Ex. 1, ¶'s 4.-7.).

> The *Cooper* Court also stated:
>
> A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis*, 204 F.3d at 71. The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."*Id.* at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93 (quoting *Nussle*, 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir.2004).

16

2010 WL 3528848, *7.

Based on the stated undisputed evidence discussed above, we agree with Defendants' assertions made in their brief (Doc. 51, pp. 15-19). Specifically, as Defendants state:

> Peeples has not exhausted his administrative remedies concerning his claims set forth in his Complaint. Specifically, he has failed to completely exhaust any administrative remedy relating to his Eighth Amendment claims. Since Peeples never exhausted his claims, Defendants are entitled to summary judgment.

(*Id.*, p. 19).

Therefore, we will recommend that Defendants' Summary Judgment Motion (Doc. 44) be granted with respect to the exhaustion issue, and that judgment be entered in favor of Defendants Matlack and Gallick and against Plaintiff Peeples. We will also recommend that Plaintiff's Summary Judgment Motion (Doc. 34) be denied.

V. **Recommendation.**

Based on the foregoing, it is respectfully recommended that Defendants' Summary Judgment Motion **(Doc. 44)** be granted with respect to the exhaustion issue, and that judgment be entered in favor of Defendants Matlack and Gallick and against Plaintiff Peeples. It is also recommended that Plaintiff's Summary Judgment Motion **(Doc. 34)** be denied.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: February 3, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE WALLACE PEEPLES, III, | : | CIVIL ACTION NO. **1:CV-10-0457** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 3, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: February 3, 2011

# Inmate Locator - Locate Federal inmates from 1982 to present

| Name | Register # | Age-Race-Sex | Release Date<br>Actual or Projected | Location |
|---|---|---|---|---|
| 1. JOE WALLACE PEEPLES III | 40425-048 | 37-Black-M | 01-31-2011 | RELEASED |

Results 1 - 1 of 1

New Search    FAQs    Privacy